In the
United States Court of Appeals
For the Seventh Circuit

No. 99-3819

McWane, Inc.,

Plaintiff-Appellant,

v.

Crow Chicago Industrial, Inc.,
and Halff Associates, Inc.,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 98 C 84--Harry D. Leinenweber, Judge.

Argued May 31, 2000--Decided August 9, 2000

Before Flaum, Chief Judge, and Bauer and
Harlington Wood, Jr., Circuit Judges.

Bauer, Circuit Judge.  In 1988, Crow Chicago
Industrial, Inc. and McWane, Inc. entered into a
limited partnership agreement to redevelop
property located in Carol Stream, Illinois. The
agreement included a Letter of Understanding
regarding a due diligence investigation of the
property. Crow hired Halff Associates, Inc., an
environmental consulting firm, to conduct an
environmental audit. On January 7, 1998, McWane
filed suit against Crow and Halff to recover the
cost of remediating the contamination of its
property caused by the defendants' breach of
contract and negligent and willful acts and
omissions. On May 27, 1998, the district court
dismissed McWane's claim against Crow for breach
of an express written contract and for willful
and wanton misconduct for failure to state a
claim pursuant to Fed.R.Civ.P. 12 (b)(6). On
October 1, 1999, the district court granted
summary judgment in favor of Crow and Halff on
McWane's remaining claims because the statute of
limitations had run. McWane now appeals.
First, McWane argues that the district court
improperly dismissed his complaint for breach of
the Letter of Understanding. He contends that the
Letter of Understanding imposed a duty on Crow to
conduct an environmental investigation and a duty
to remediate contamination. McWane contends that

Crow breached the Letter of Understanding by creating "new and additional contamination by contaminating previously uncontaminated soils." The district court found that the Letter of Understanding did not impose a duty on Crow to remediate and found that no breach occurred.

We review 12(b)(6) dismissals de novo. Looper Maintenance Service Inc. v. City of Indianapolis, 197 F.3d 908, 911 (7th Cir. 1999). In a claim for breach of contract, the meaning of the contract "must be determined from the words or language used, and a court cannot place a construction on the contract which is contrary to the plain and obvious meaning of the language." Johnstowne Centre Partnership v. Chin, 99 Ill.2d 284, 287, 458 N.E.2d 480, 481 (1983). If the district court determines that the contract is unambiguous, it may determine its meaning as a matter of law. Meladax Corp. v. Uniden Corp., 863 F.2d 1331, 1333 (7th Cir. 1988). The unambiguous contract controls over contrary allegations in the plaintiff's complaint. Charles Hester Enter., Inc. v. Illinois Founders Ins. Co., 114 Ill.2d 278, 287, 499 N.E.2d 1319, 1323 (1986).

The Letter of Understanding provided that Crow shall have the right to conduct a due diligence investigation of the property involving any matters, "which in the sole discretion of Crow affect the development of the Land, including removal of underground storage tanks." The Letter further provided:

If the environmental investigation/audit reveals that any one or more of the Tanks has been or is leaking, or reveals any other environmental contamination of the land, McWane shall have the option to remediate the contamination at its cost to the satisfaction of Crow, which remediation shall include any additional engineering expense which results from the contamination, but not the expense for removal of the Tanks, which shall be the Partnership's expense; or McWane may elect not to remediate such contamination, in which event it shall reimburse Crow for costs and expenses incurred by Crow in the environmental portion of the investigation.

The duty to remediate the contamination is clearly and unambiguously allocated to McWane, not Crow. The only option afforded McWane is how to handle the responsibility of the remediation, not whether McWane has the responsibility. At no point, does the Letter of Understanding impose a duty on Crow to conduct a due diligence investigation; it is only provided with the right to conduct such an investigation. Crow owes no duty under the contract regarding the due diligence investigation. The district court stated that while tortious conduct might have

occurred, such conduct does not constitute a breach of the Letter of Understanding. We agree; the Letter of Understanding is unambiguous and the district court correctly dismissed the claim.

McWane next argues that the district court erred in granting Superior's motion for summary judgment on the remaining claims because the statute of limitations had run. Under Illinois law, "actions on unwritten contracts, expressed or implied, or on awards of arbitration, or to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof, and all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued." 735 ILCS 5/13-205. The district court found that in 1989 McWane knew of the contaminated soil and that it had been moved to another site on its property. By 1991, McWane knew for certain that the Illinois Environmental Protection Agency disputed the test results conducted by Halff and had requested resampling. McWane was put on notice no later than 1991 of possible contamination. Therefore, the five year statute of limitations would have run in 1996. McWane did not file suit until 1998. The district court correctly granted summary judgment in favor of Superior.

We review de novo the district courts order granting summary judgment. Vector-Springfield Properties, Ltd. v. Central Illinois Light Co., Inc., 108 F.3d 806 (7th Cir. 1997). In Illinois, the Discovery Rule is used to determine the commencement of the statute of limitations. Hermitage Corp. v. Contractors Adjustment Co., 166 Ill.2d 72, 77 (1995). The statute begins to run when the plaintiff knows or reasonably should know of his injury and knows that it was wrongfully caused. Id. The period begins when the injury could have been discovered through the exercise of appropriate diligence, not discovery of the actual injury. Burns Philip Food, Inc. v. Cavalea Continental Freight, Inc., 135 F.3d 526 (7th Cir. 1998). When it becomes apparent from the undisputed facts that only one conclusion can be drawn, it is a question for the court. Witherall v. Weimer, 85 Ill.2d 146, 155 (1981).

As part of its due diligence investigation, Crow hired Halff to conduct an environmental audit of the property and to remove four underground storage tanks, which had been used to store gasoline. Ruth Stear was Halff's representative on site. Bob Phelps', McWane's vice president, was present as the tanks were removed on May 26, 1989. His notes establish that he was aware at that time of a small amount of

soil contamination. It was to be tested and Stear was to notify the IEPA. In a June 27, 1989, letter from Stear to the IEPA, which was also sent to Phelps, Stear states that the gasoline contaminated soil was removed from the excavation and moved to an on-site location for aerating. Further, the June 1989, Environmental Audit--Phase II Report indicated that the UST No. 2 contained lead.

In 1990, the agreement between McWane and Crow ended and Crow no longer had any involvement in the property. In 1991, the IEPA sent a letter to Phelps stating that the analytical data was incomplete. Phelps apprized Barry Robison, an environmental expert hired by McWane, of the contaminated soil and forwarded the letter from the IEPA to him. Phelps stated the need to resample the contaminated soil because the IEPA found the sampling detection level used unacceptable. On October 7, 1991, Halff advised Phelps and Robison of the cost to resample and presented them with three alternatives: resample the soil, write the IEPA to "try to get it do something," or wait until the IEPA did something. Phelps notes reflect these three possibilities. McWane did nothing. Not until 1994 did McWane hire another environmental consultant and discover that extensive remedial work was needed.

While the district court's oral ruling contains a few factual errors, its analysis is nonetheless correct. From the facts above, it is clear that McWane possessed sufficient information to put it on notice of a possible injury. In 1989, McWane knew the soil had been contaminated and moved to another site. In 1991, it knew that the IEPA was concerned and disputed the test results. The burden was on McWane to inquire further as to whether an actionable wrong had occurred. Vector-Springfield at 810. McWane was clearly on inquiry notice and knew that it was ultimately responsible for the remediation. McWane chose not to do anything, hoping the IEPA would take over. Because the suit was not filed until 1998, it falls outside the bounds of the statute of limitations. Summary judgment was appropriate.

For the foregoing reasons the judgment of district court is Affirmed.